RAWLS, Judge
(dissenting).
Appellant-defendant was charged by information with: assault with intent to commit first degree murder; reckless driving; and fleeing from a police officer. At the conclusion of the State’s case defendant moved for a judgment of acquittal as to the first count which charged assault with intent to commit first degree murder. The Court granted same, stating: “I’m going to grant this motion as to assault to murder in the first degree. The highest I will charge on that is assault with intent to commit murder in the second degree.” Defendant promptly moved for acquittal as to Count I on authority of this Court’s opinion in Washington v. State, 247 So.2d 743.[1] At the end of the trial, defendant again urged the Court not to instruct the jury as to any lesser included offense as to the assault with intent to commit first degree murder charge. The trial court denied defendant’s motion and instructed the jury upon the charges of assault with intent to commit murder in the second degree, assault with intent to commit manslaughter, aggravated assault, aggravated battery, assault and battery, and simple assault. A just verdict was rendered finding defendant guilty of assault with intent to commit manslaughter as a lesser included offense of Count I.
My views are fully expressed upon the subject in Washington v. State, supra, and upon that authority I would reverse the judgment of conviction of assault with intent to commit manslaughter. I am solely concerned with error urged by defendant as to the judgment of conviction of assault with intent to commit manslaughter.

. Cert, now pending in Supreme Court of Florida.